[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10053

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DYSON ONNIE MCCRAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:11-cr-00455-LMM-JSA-2

_____

Before LUCK, LAGOA and ANDERSON, Circuit Judges.

PER CURIAM:

Dyson McCray, a federal prisoner proceeding *pro se*, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act.[1]  He argues that the district court abused its discretion by misapplying the policy statement at U.S.S.G. § 1B1.13 to find he had not shown extraordinary and compelling reasons and that the court failed to consider all of the applicable 18 U.S.C. § 3553(a) factors, including his rehabilitation.  The government responds by moving for summary affirmance of the district court's order and for a stay of the briefing schedule, arguing that McCray failed to demonstrate the district court abused its discretion by not finding extraordinary and compelling reasons or that he would not pose a danger to the community.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

21-10053                Opinion of the Court                3

appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). Abuse of discretion review "means that the district court had a range of choice" and that we "cannot reverse just because we might have come to a different conclusion." *Id.* at 912 (quotation marks omitted). However, a district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). A district court may reduce a term of imprisonment, under § 3582(c)(1)(A), "if (1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation marks omitted). The district court may consider these factors in any order, and the absence of any of the three forecloses a sentence reduction. *See id.* at 1237–38.

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13.

The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13; *id.*, comment. (n.1). As relevant here, the commentary lists a defendant's medical conditions and family circumstances as possible "extraordinary and compelling reasons" warranting a sentence reduction. *Id.*, comment. (n.1).

A prisoner's medical condition may warrant a sentence reduction if he (1) has a terminal disease or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. *Id.*, comment. (n.1(A)). A prisoner's family circumstances may warrant a sentence reduction where the "death or incapacitation of the caregiver of [his] . . . minor children" occurs or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver." *Id.*, comment. (n.1(C)). The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.*, comment. (n.1(D)).

In *Bryant*, we concluded that § 1B1.13 is applicable to all motions filed under that statute, including those filed by prisoners,

and, thus, a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of "extraordinary and compelling reasons." *United States v. Bryant*, 996 F.3d 1243, 1252–62 (11th Cir.), *cert. denied*, No. 20-1732 (U.S. Dec. 6, 2021). Next, we concluded that the catch-all provision in the commentary to § 1B1.13 did not grant to district courts, in addition to the Bureau of Prisons, the discretion to develop other reasons outside those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *Id.* at 1248, 1263, 1265. In *Giron*, we held that the district court did not abuse its discretion in determining that the movant's health conditions of high cholesterol, high blood pressure, and coronary artery disease were manageable in prison, despite the COVID-19 pandemic, and thus did not constitute extraordinary and compelling reasons warranting a reduction. *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021).

Here, there is no substantial question that the district court properly denied McCray's motion for compassionate release. *See Groendyke Transp.*, 406 F.2d at 1162. Like in *Giron*, the district court here did not abuse its discretion in concluding that McCray failed to establish extraordinary and compelling reasons for release because he did not allege that he was suffering from a terminal illness or that his conditions were not being successfully managed by medication while incarcerated, as required under § 1B1.13. *Giron*, 15 F.4th at 1346; U.S.S.G. § 1B1.13, comment. (n.1(A)). Moreover, the family circumstance that McCray presented to the district court—retrieving his ailing mother from the

nursing home—was also not an extraordinary and compelling reason, given that he was not alleging the incapacitation of his child or partner, as required under the policy statement. U.S.S.G. § 1B1.13, comment. (n.1(C)). Further, McCray's argument that § 1B1.13 did not apply is foreclosed by *Bryant*, and his argument that the district court failed to consider the § 3553(a) factors also fails because the court could deny his motion on any of the three required grounds for granting a motion for compassionate release, under *Tinker*. *See Tinker*, 14 F.4th at 1237–38; *Bryant*, 996 F.3d at 1252–62. Thus, because the district court was bound and limited by the policy statement in § 1B1.13, the government's position is "clearly right as a matter of law." *Groendyke Transp.*, 406 F.2d at 1162; *Bryant*, 996 F.3d at 1262. Because McCray's appeal may be affirmed based solely on the district court's proper finding that he failed to show extraordinary and compelling reasons, we need not consider the government's argument that summary affirmance is also warranted because he would be a danger to the community.

Accordingly, as there is no substantial question that the district court did not abuse its discretion by denying McCray's motion for compassionate release, we GRANT the government's motion for summary affirmance and DENY AS MOOT its motion to stay the briefing schedule. *See Groendyke Transp.*, 406 F.2d at 1162.